# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:10cv024

| | |
|---|---|
| WILLIAM FRANKLIN CALCUTT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the Defendant's Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 11].

Sentence four of 42 U.S.C. §405(g) provides in pertinent part, "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The parties have moved for reversal of the decision of the Defendant and remand for further administrative proceedings.

Specifically, the Defendant asks that the Appeals Council remand the

case to an Administrative Law Judge ("ALJ") with instructions to conduct a new hearing and issue a new decision, particularly for the purpose of further evaluating the November 2006 psychological report from Aimee Todd-Pillman, Psy.D. (T. 364-67), and evaluating the March 2007 conclusion of a hearing officer with the North Carolina Department of Health and Human Services that Plaintiff is disabled (T. 63).

Based on the representations of the parties, the Court finds that reversal and remand are appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS, THEREFORE, ORDERED** that the parties' Consent Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 11] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is **REMANDED**; and

**IT IS FURTHER ORDERED** that upon remand, the Appeals Council remand the case this case to an Administrative Law Judge ("ALJ") with instructions to conduct a new hearing and issue a new decision. The ALJ shall also be instructed to further evaluate the November 2006 psychological report from Aimee Todd-Pillman, Psy.D., and to evaluate the March 2007 conclusion of a hearing officer with the North Carolina Department of Health and Human

2

Services that Plaintiff is disabled.

A Judgment of Remand is entered simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: July 12, 2011

Martin Reidinger
United States District Judge