THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:10cv24

| | |
|---|---|
| WILLIAM FRANKLIN CALCUTT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act and the Social Security Act. [Doc. 14].

## I.  PROCEDURAL HISTORY

The Plaintiff William Franklin Calcutt initiated this action on October 12, 2010, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on December 23, 2010. [Doc. 6]. Thereafter, the Plaintiff

filed a motion for summary judgment on the basis of the administrative record. [Doc. 9]. The Government in response consented to remand. [Doc. 11]. On July 12, 2011, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 12].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") of $4,872.49, representing 24.00 attorney hours at the rate of $175.26 per hour and 10.25 paralegal hours at the rate of $65.00 per hour. [Doc. 14]. In response, the Government states that it does not oppose the award requested by the Plaintiff. [Doc. 16].

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a "prevailing party" in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA specifically defines "party," in pertinent part, as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). In the present case, the Plaintiff asserts that his net worth was less than $2,000,000 at the time of filing, and thus, he

may be considered a proper "party" under the EAJA. Furthermore, because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

As noted above, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that his position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. In this regard, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the parties have agreed that the Plaintiff should be awarded a total of $4,872.49 in fees. Although the Plaintiff has requested an hourly rate in excess of that authorized by the statute, the Defendant does not object to the rate requested, and the Court finds that such rate is warranted due to the increase in the cost of living since 1996, when Congress enacted the statute. See 28 U.S.C. § 2412(d)(2)(A)(ii). Furthermore, upon careful review of counsel's time sheet and affidavit, the Court finds that the number of hours claimed by the Plaintiff's attorney and his paralegal are reasonable. Accordingly, the Court concludes that the Plaintiff's requested fee is justified.

The Plaintiff requests that the fee award be paid by direct deposit to counsel's bank account. [Doc. 15 at 4]. The Supreme Court recently has held, however, that attorney's fees awarded under EAJA are payable to the prevailing party and not to the prevailing party's attorney. See Astrue v. Ratliff, 130 S.Ct. 2521, 2526-27, 177 L.Ed.2d 91 (2010); see also Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009). Accordingly, the Court concludes that the award of EAJA fees must be awarded directly to the Plaintiff in this case, not his attorney.

It is yet to be determined whether the Plaintiff is entitled to past-due benefits. For this reason, the Court cannot make a determination at this time as to whether an award of fees under 42 U.S.C. § 406(b) would be appropriate. In the event that past-due benefits are awarded on remand, the Plaintiff shall be allowed sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to § 406(b).

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act and the Social Security Act [Doc. 14] is hereby **GRANTED**, and the Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $4,872.49 for attorney's fees and expenses awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS SO ORDERED.**

Signed: January 10, 2012

Martin Reidinger
United States District Judge